NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHRISTOPHER GEORGE HARRIS, | : | |
| Petitioner, | : | Civil Action No. 13-4365 (KM) |
| v. | : | **OPINION** |
| MR. HERREY et al., | : | |
| Respondents. | : | |

**Kevin McNulty**, District Judge:

This matter comes before me upon the pro se application (the "Petition") of the Petitioner, Christopher George Harris, for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). Mr. Harris, an alien detainee, is a native and citizen of Jamaica. (ECF No. 1-1, at 1.) The Petition states that, on May 24, 2011, Harris was taken into the custody of immigration authorities in connection with his removal proceedings, and that he "lost [his] case on [M]ay 24th 2013." (Id. at 1 and 3.) According to Harris, he has not committed any criminal offense in the United States; his removal proceedings have been based solely on his having overstayed his visa. (ECF No. 1-1, at 9.)

Harris alleges that, if he were removed to his native Jamaica, he would be exposed to life-threatening gang violence. He also details his health problems, the hardship he would face

if removed to Jamaica and the financial support he has been providing to his children, who are United States citizens. (ECF No. 1-1.) He requests release from custody, citing Zadvydas v. Davis, 533 U.S. 678 (2001). (ECF No. 1, at 3-4).

In response to my request, Respondents have filed a short statement clarifying the procedural status of Harris's removal proceedings. (ECF No. 3) According to Respondents

- Harris was ordered removed from the United States by an immigration judge on May 24, 2013;
- Harris's appeal from that order is currently pending before the Board of Immigration Appeals ("BIA"); and
- Harris has not received, and perhaps has not requested, a Joseph hearing in which it may be determined whether he falls within any of the categories of aliens subject to mandatory detention.[1]

Because Harris's appeal is still pending before the BIA, his order of removal is not final. It will not become final unless

---

[1] An ICE agent may detain an alien if there is "reason to believe that this person was convicted of a crime covered by the statute." 63 Fed. Reg. 27444; 8 C.F.R. § 236.1; In re Joseph I, 22 I. & N. Dec. 660, 668 (B.I.A. 1999). That detention may then be reviewed by an immigration judge in what is known as a "Joseph hearing." See In re Joseph II, 22 I. & N. Dec. 799, 800 (B.I.A. 1999); see also Demore v. Kim, 538 U.S. 510, 514 n.3(2003) (at a Joseph hearing an alien may avoid mandatory detention by establishing that he is not an alien, that he was not convicted of a crime requiring mandatory detention, or that he is otherwise not subject to mandatory detention).

and until it is affirmed by the BIA. 8 U.S.C. § 1101(a)(47)(B). Thus the options that lie ahead for Harris, currently a pre-removal detainee, include the following:

**Pre-removal detention and a bond hearing**

Pre-removal detention is governed by 8 U.S.C. § 1226. Subsection (a) of § 1226 provides: "Except as provided in subsection (c) and pending such decision, the Attorney General . . . may release the alien on . . . bond of at least $ 1,500 . . . or . . . conditional parole." 8 U.S.C. § 1226(a). Essentially, a pre-removal detainee who is eligible to be considered for release on bond under subsection (a) is one who is <u>not</u> detained based on commission of a crime. Under section (a), such an alien is entitled to a bond hearing without the need for a court order.[2]

Harris states that his detention and threatened removal are not based on the commission of a crime, but only upon his having

---

[2] That entitlement to a bond hearing does not apply, however, to the specified criminal aliens referred to in subsection (c). (As noted, Harris states that he does not fall in that category.) They are generally detained without bond hearings while removal proceedings are pending. See 8 U.S.C. § 1226(c). Even they, however, may be entitled to a bond hearing if the detention extends beyond "a reasonable amount of time." See <u>Diop v. ICE/Homeland Sec.</u>, 656 F.3d 221, 230-31 (3d Cir. 2011). How long a time is "reasonable" depends on such factors as the length of and reasons for the delay, including "a given individual detainee's need for more or less time, as well as the exigencies of a particular case." <u>Diop</u>, 656 F.3d 221 at 234. A relevant factor is whether the detainee or the government bears responsibility for the delay. In <u>Demore</u>, <u>supra</u>, the Supreme Court upheld a pre-removal detention of six months without a bond hearing. <u>Diop</u>, on the other hand, found that a detention of thirty-five months was too long.

overstayed his visa. If that is so, he may seek a bond hearing without any need for action on my part. If he requests, but is wrongfully denied, a bond hearing, he may ask this Court to order that such a hearing be held. After a bona fide bond hearing, the immigration judge might grant, or deny, release on bond. I would not have the power to overrule such a denial of release after a bona fide hearing.[3]

### Post-removal detention and Zadvydas

Zadvydas v. Davis, 533 U.S. 678 (2001), the case cited by Petitioner Harris, governs only **post**-removal detainees, i.e., aliens whose orders of removal have become final. If the BIA affirms Harris's removal order and it becomes final, he may seek release from detention pending his removal from the country. In Zadvydas, the U.S. Supreme Court adopted a rule of thumb that a post-removal detention of up to six months is reasonable, but that release may be required after that time. Id.; see also Hany, supra, at *8, 12-14.

---

[3] See Hany El Sayed v. Holder, Civ. No. 11-7324, 2012 U.S. Dist. LEXIS 16808, at *13 (D.N.J. Feb. 9, 2012); Morrison v. Elwood, Civ. No. 12-4649, 2013 U.S. Dist. LEXIS 10917, at *3 (D.N.J. Jan. 18, 2013)("[A district court] has no mandate to second-guess a substantive outcome of [a bond hearing] held by Petitioner's immigration judge: the entities endowed with the power of appellate review of immigration judges are the Board of Immigration Appeals and the United States Courts of Appeals. [A district court's] power to entertain habeas applications ... which — with respect to the claims raised by pre-removal-order alien detainees — allows relief limited to a directive of a bond hearing" as opposed to an order of release)(citing Diop, supra).

**Appeal from a final order of removal**

Finally, it appears that Harris wishes to challenge his removal to Jamaica because he foresees gang violence or hardship to himself and his family. Such grounds may be asserted on appeal from a final order of removal. Such an appeal must be filed in the Court of Appeals, not in this District Court. See REAL ID Act, Pub L. No. 109-13, 119 Stat. 231 (2005). If and when the BIA affirms Harris's order of removal and it becomes final, he may file an appeal in the appropriate United States Court of Appeals.

## CONCLUSION

For the foregoing reasons, I will dismiss the Petition, without prejudice to Petitioner's assertion of his claims at the proper time in the proper forum. An appropriate Order accompanies this opinion.

Kevin McNulty,
United States District Judge

Dated: July 26, 2013