UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHRISTOPHER GEORGE HARRIS,

    Petitioner,

v.

WARDEN HUDSON COUNTY JAIL,

    Respondent.

Civ. No. 13-4365 (KM)

**OPINION**

**KEVIN MCNULTY, U.S.D.J.**

    The Petitioner, Christopher George Harris, is currently detained at the Hudson County Jail in Kearney, New Jersey. He previously brought a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleged in that petition that was in the custody of immigration authorities in connection with his removal proceedings. On July 23, 2013, Respondent filed a short statement that petitioner was ordered removed from the United States on May 24, 2013, but that his appeal from that order was currently still pending before the Board of Immigration Appeals ("BIA"). On July 26, 2013, I entered an order in which I laid out the options for Mr. Harris. One of these was that, if the BIA affirmed his order of removal, he could file an appeal in the appropriate Court of Appeals, not this Court. (*See* Dkt. No. 4 at p. 5.) I dismissed Mr. Harris's petition without prejudice to his assertion of his claims at the proper time in the proper forum.

    On June 11, 2014, the Clerk docketed Mr. Harris's motion for a stay of removal. In light of this motion, the Clerk will be ordered to reopen this case. Mr. Harris's motion for stay of removal requests a stay while judicial review of this matter is pending. He claims that he will face persecution and torture if he is deported to Jamaica.

1

By filing a motion for stay of removal, Mr. Harris is asking this Court to review the legality of his order of removal. The REAL ID Act, enacted on May 11, 2005, effectively strips district courts of jurisdiction over requests to review orders of removal and lodged exclusive jurisdiction in the Court of Appeals. Indeed:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section *shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter*, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 or Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5) (emphasis added). The modifications "effectively limit all aliens to one bite of the apple with regard to challenging an order of removal, in an effort to streamline what the Congress saw as uncertain and piecemeal review of orders of removal, divided between the district courts (habeas corpus) and the courts of appeals (petitions for review)." *Bonhometre v. Gonzales*, 414 F.3d 442, 446 (3d Cir. 2005) (citation omitted). Accordingly, the REAL ID Act effectively provides that a district court has no jurisdiction to hear a motion for stay of removal. *See Urquiaga v. Hendricks*, No. 12-2368, 2012 WL 5304206, at *2 (D.N.J. Oct. 25, 2012) (citing *Khouzam v. Attorney Gen. of United* States, 549 F.3d 235, 244-45 (3d Cir. 2008); *Appiah v. United States Customs & Immigration Serv.*, No. 11-317, 2012 WL 4505847, at *3 (D.N.J. Sept. 25, 2012); *Gallego-Gomez v. Clancy*, No. 11-5942, 2011 WL 5288590, at *2 (Nov. 2, 2011), *aff'd*, 458 F. App'x 91 (3d Cir. 2012) (per curiam); *Calderon v. Holder*, No. 10-3398, 2010 WL 3522092, at *2 (D.N.J. Aug. 31, 2010)); *see also Duvall v. Attorney Gen. of United States*, 436

2

F.3d 382, 386 (3d Cir. 2006) ("The sole means by which an alien may now challenge an order of removal is through a petition for review directed to the court of appeals.") (citation omitted); *Jordon v. Attorney Gen. of United States*, 424 F.3d 320, 326 (3d Cir. 2005) ("[T]he [REAL ID] Act expressly eliminated district courts' habeas jurisdiction over removal orders.").

When a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. I find, however, that it is not in the interest of justice to transfer this motion to the Court of Appeals. For example, the motion for stay of removal does not even indicate whether the BIA has finally ruled, a prerequisite to the Court of Appeals' jurisdiction. Of course, my decision does not prevent Mr. Harris from separately filing a motion for stay of removal and petition for review, if appropriate, in the Court of Appeals.

For the foregoing reasons, the motion for stay of removal will be dismissed without prejudice for lack of jurisdiction. An appropriate order will be entered.

DATED: June 12, 2014

_____
KEVIN MCNULTY
United States District Judge